AUSA: Nancy Abraham                              Telephone: 810.766.5177
Special Agent : Nathan Sutara

AO 91 (Rev. 08/09) Criminal Complaint            Telephone: 810-964-5981

# UNITED STATES DISTRICT COURT

for the
Eastern District of Michigan

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br>v.<br>Maryann Lynn Mitchell<br><br><br><br>Defendant(s). | Case: 4:23−mj−30346<br>Assigned To : Ivy, Curtis, Jr<br>Assign. Date : 8/22/2023<br>Description: IN RE SEALED MATTER (kcm) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief:

On or about the date(s) of <u>January 15, 2023</u>, in the county of <u>Genesee</u> in the <u>Eastern</u> District of <u>Michigan</u>, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(a)(6) | knowingly made a false or fictitious written statement in aquisition of a firearm. |

This criminal complaint is based on these facts:

That on January 15, 2023, Maryann Lynn Mitchell knowingly made a false or fictitious written statement intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawlessness of the sale or other disposition of such firearm purchased, in and affecting commerce, a firearm in violation of 18 U.S.C. § 922(a)(6).

☑ Continued on the attached sheet.

_____
*Complainant's signature*

<u>Nathan Sutara, Special Agent - ATF&E</u>
*Printed name and title*

Sworn to before me and signed in my presence.

Date: <u>August 22, 2023</u>

_____
*Judge's signature*

City and state: <u>Flint, Michigan</u>

<u>Curtis Ivy, Jr., United States Magistrate Judge</u>
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT
### *United States v. Maryann Lynn Mitchell*

I, Nathan Sutara, being duly sworn, depose and state the following:

### INTRODUCTION AND AGENT BACKGROUND

1.      I have been employed as a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) since May 2018. I am currently assigned to the Detroit, Michigan Field Division, Flint Field Office. I am tasked with investigating violations of firearms and narcotics laws. Before working with ATF, I was employed by the Michigan Department of State Police (MSP) for approximately 5 years. I held several positions with MSP, including Detective/Trooper with the Major Case Unit in Saginaw, Michigan. During this employment, I investigated numerous incidents involving robberies, shootings, and homicides as well as violations of state and federal firearms laws.

2.      I make this affidavit from personal knowledge based on my participation in this investigation, my review of reports and other materials prepared by those who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all details or all facts of which I am aware relating to this investigation.

1

3.     Based on the facts below, I believe that on January 15, 2023, Maryann Lynn Mitchell knowingly made a false or fictitious oral or written statement intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawlessness of the sale or other disposition of such firearm purchased, in and affecting commerce, a firearm in violation of 18 U.S.C. § 922(a)(6).

## PROBABLE CAUSE

4.     On January 17, 2023 at approximately 2340hrs, MSP Troopers where sitting stationary at the Marathon Gas Station located near Davison Road and Lynch Street within the city of Flint, Michigan. At that time, Troopers observed a silver Buick Regal traveling west on Davison Road. The Buick Regal then attempted to turn south into the Marathon Gas Station, crashing into a white Cadillac CTS, which was traveling east on Davison Road.

5.     Immediately following the collision, Troopers observed the white male driver of the white Cadillac CTS leaving the scene of the crash and proceeded to travel south on Lynch Street. Troopers then followed the vehicle and initiated their emergency lights. While still approaching the vehicle with the emergency lights activated, Troopers observed the front female passenger exiting the vehicle on foot.

2

Within approximately 30 seconds, the front passenger returned to the traffic stop. The front passenger was identified as Maryann Lynn Mitchell through her Michigan Identification Card.

6.    Troopers then conducted an interview of Mitchell. The following is a synopsis of her interview:

- Mitchell initially advised she ran from the traffic stop because the driver did not want her to get in trouble.
- She also advised she discarded a methamphetamine pipe.
- Mitchell stated the driver was in possession of two pistols inside his waistband.
- Mitchell further stated after the crash, the driver fled because he was in possession of the two pistols and has felony warrants for his arrest.
- Mitchell stated that immediately following the crash, the driver ordered her to take possession of the two firearms he possessed and to "…get rid of them or I'll harm your family."
- Mitchell stated she complied out of fear.
- Mitchell advised she exited the vehicle and discarded the two firearms next to the garage in the back yard of 2313 Illinois Avenue.

7.    Troopers then conducted a canvas in the area of 2313 Illinois Avenue. Troopers located two 9mm pistols on the ground next to the detached garage of the aforementioned residence.

8.    The firearms recovered are more particularly described as a Smith & Wesson, model M&P 9 Shield, 9mm pistol bearing S/N: JHP4908 and a Kimber, model Micro 9, 9mm pistol bearing S/N: STB0034817.

9.      Troopers also made contact with the driver, who initially identified himself as Charles Joseph Deling. Troopers, ran the name through LEIN but were unable to locate any individual.   Troopers then asked Mitchell to identify the driver. Mitchell said the driver's name is Jason Joseph Callahan.   Troopers were then able to identify the driver as Callahan via his State of Michigan driver's license photograph.

10.      Troopers then advised Callahan of his *Miranda* rights in order to conduct a custodial interview. Callahan stated he understood his rights, and agreed to waive them and answer questions.

- Callahan advised he provided a false name because he was scared and knew he had outstanding warrants.
- Callahan then stated Mitchell was driving the vehicle at the time of the crash. Troopers informed Callahan that they observed the crash as it was happening and saw that he was driving the vehicle. Even so, Callahan, continued to advise he was not driving the vehicle.
- When asked about the two firearms that were recovered, Callahan advised he never possessed the firearms or any parts of it.
- Callahan stated the two firearms are registered to Mitchell.
- Callahan continued to advise he had no knowledge of the firearms being inside the vehicle or that he possessed them at any time.

11.      While reviewing the in-car dashcam video, Troopers observed Callahan discarding a loaded 9mm magazine from his pocket onto the ground at the scene. The loaded magazine recovered matches the Smith & Wesson firearm listed above.

4

12.     During the investigation, I discovered that both firearms had a "time-to-crime" of two (2) days, having been purchased on January 15, 2023. The Smith & Wesson, model M&P 9 Shield, 9mm pistol bearing S/N: JHP4908 was purchased from federal firearm licensee (FFL), Williams Gun Sight Co, while the Kimber, model Micro 9, 9mm pistol bearing S/N: STB0034817 was purchased from Dunham's Sports.   Both firearms were purchased by Maryann Mitchell.

13.     Based on my training and experience, "time-to-crime" is the amount of time between the retail sale of a firearm by a federal firearms licensee (FFL) and its recovery by law enforcement after the firearm was used in an alleged crime. Based on my training and discussions with other ATF personnel, a "time-to-crime" of less than 3 years is a potential indicator of illegal firearms trafficking. I know that firearms have lasting value and that most firearm enthusiasts and collectors hold on to them for long periods of time. Therefore, where a firearm is purchased from an (FFL) and is recovered shortly thereafter from somebody other than the person who is recorded as the purchaser, there is a higher likelihood that the firearm was transferred to a prohibited person or purchased in order to facilitate a crime.

14.     Based on my training and experience, straw purchasers will go to different FFLs to purchase firearms to attempt to conceal their unlawful activity.

15.     I subsequently went to Williams Gun Sight Davison, Michigan, and Dunham's Sports Flint, Michigan to obtain the ATF Form 4473 for the respective pistol purchase. At that time, it was confirmed that Mitchell purchased both firearms January 15, 2023.

16.     Additionally, per question 21(a), the ATF Form 4473 asks, "Are you the actual transferee/buyer of all of the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)? Warning: You are not the actual transferee/buyer if you are acquiring any of the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer any of the firearm(s) to you." Mitchell answered, "Yes" on this question on the 4473s for both purchases.

17.     ATF Form 4473 requires all purchasers to certify the accuracy of all answers on the form.   Above the signature line the form provides:   "I certify that my answers in Section B are true, correct, and complete. I have read and understand the Notices, Instructions, and Definitions on ATF Form 4473. I understand that answering "yes" to question 21.a. if I am not the actual transferee/buyer is a crime punishable as a felony under Federal law, and may also violate State and/or local law."

18.   Mitchell signed both forms on January 15, 2023, certifying that her answers on the forms were correct and that she was the actual buyer of the firearms.

19.   I obtained and reviewed surveillance video from Williams Gun Sight Co for Mitchell's purchase of the Smith & Wesson firearm. Dunham's Sprots no longer had the surveillance video for Mitchell's purchase. Below is a synopsis of the Smith & Wesson pistol purchase from Williams Gun Sight Co.

20.   On January 15, 2023, at approximately 12:50pm, Mitchell and Callahan are seen entering Williams Gun Sight Co.



21.     I verified Mitchell's identity via the photograph from her Michigan Driver's license. I verified Callahan's identity via his Genesee County Jail booking photograph from January 17, 2023.

22.     Moments after entering the store, Mitchell and Callahan are seen going to a counter containing numerous pistols. Callahan is observed browsing the pistol selection, while Mitchell stands behind him.



23.     Both Mitchell and Callahan browse the pistol selection for approximately 15 minutes. At 1:05pm, Callahan is seen walking away from the pistols, leaving Mitchell who is speaking with an employee.



24.     After Callahan walks away, Mitchell continues to speak with the employee, and appears to move to the end of the counter to complete the ATF Form 4473.



25.    After several minutes, Mitchell is seen walking away from the counter, and proceeds to the cash register to check out.



26.    Once at the checkout counter, Mitchell begins the payment/checkout process.



27.    Mitchell completes the the purchase, and obtains the Smith & Wesson

pistol.



28.   Mitchell leaves the store with the firearm.



29.   Callaghan has the following felony convictions out of Genesee County Circuit Court and therefore cannot purchase or possess a firearm:   1998 Carrying a Concealed Weapon; 2012 Carrying a Concealed Weapon, Felon in Possession of a Firearm and Felony Firearm.

## **CONCLUSION**

30.     Based on the foregoing, I have probable cause to believe that on January

15, 2023, in the Eastern District of Michigan, Maryann Mitchell, in connection with

the acquisition of a firearm from a licenses dealer, knowingly made a false or

fictitious oral written statement that was intended or likely to deceive the dealer with

respect to any fact material to the lawlessness of the sale or other disposition of such

firearm purchased in violation of 18 U.S.C. § 922(a)(6).


_____
NATHAN SUTARA, Affiant
Special Agent
Bureau of Alcohol, Tobacco, Firearms & Explosives


Sworn to before me and signed in my presence and/or by reliable electronic means

on _____August 22, 2023_____ .


_____
HON. CURTIS IVY, JR.
United States Magistrate Judge

14